## Boesch v. City of Erie

*Robert C. LeSuer,* for plaintiffs.

*Lawrence L. Kinter, city solicitor,* for defendant City of Erie.

NYGAARD, *J.,* April 7, 1983—The City of Erie has filed four preliminary objections to plaintiffs' complaint.

The first of these, that the complaint did not contain a copy of an exhibit, has been resolved by the filing of an amended complaint.

The second attempts to raise a bar of sovereign immunity to this action under the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq. In §8542(b)(4) of the act, local governments are made liable for dangerous conditions of trees, traffic controls and street lighting, specifically including traffic signs. The injuries to minor plaintiff were caused when he collided with a "no-parking" sign while riding a bicycle on West 8th Street in the City of Erie. The sign had been bent over and left protruding into the street after being struck by the automobile of defendant Mitchell. The complaint alleges that the city had investigated Mitchell's accident and therefore had notice of the condition of the sign. The city, however, argues that §8542(b)(4) should be limited to cases where the trees, signals, signs or lights are nonfunctional. This is clearly not the intent of this provision, and there is no statutory or case-law support for this contention. In any case, plaintiffs' claim also falls under the exceptions in §8542(b)(6) (dangerous condition of streets) and §8542(b)(7) (dangerous condition of sidewalks). This exception is overruled.

The third objection is that plaintiffs have failed to plead their special damages in conformity to Pa.R.C.P. 1019(f). The amended complaint satisfies the rule, and this objection is also overruled.

The final objection is to the various damages claimed by plaintiffs. The city challenges their

claim for damages for pain and suffering, arguing that they have not pleaded medical expenses in an amount greater than $1,500, which is necessary in order to qualify to recover pain and suffering losses under 42 Pa.C.S. §8553(c)(2). The issue is stated as whether an action can be commenced under the Political Subdivision Tort Claims Act, claiming damages for pain and suffering, before medical expenses total $1,500.

There do not appear to be any court decisions dealing with this question. However, a similar issue has arisen in connection with the medical expenses threshhold for tort liability under the No-fault Automobile Insurance Law, 40 P.S. §1009.101 et seq. Section 40 P.S. §1009.301(a)(5)(B) states that a person is not liable for damages for noneconomic detriment unless the victim's medical expenses exceed $750. No appellate courts have ruled on this point, but several courts of common pleas have considered it. Their consensus is that a plaintiff need not have reached the medical expenses threshold in order to file suit, as long as he or she alleges facts that show to a reasonable certainty that the $1,500 requirement will be met. See Vanderslice v. Moessner, 18 D.&C.3d 9 (1981); Hartman v. McAnallen Corp., 18 D.&C.3d 715 (1981); Walk v. Russell, 10 D.&C.3d 330 (1979).

The court thinks this test can be applied, by analogy, to §8553(c) of the Tort Claims Act and holds that a plaintiff under that act is not required to have $1,500 in medical expenses in order to plead a claim for damages for pain and suffering as long as facts are alleged that show to a reasonable certainty that medical expenses will exceed that amount.

The amended complaint in this case lists $673 in medical expenses in paragraph 21. Paragraph 22 includes, as an item of damages, "possible future

medical expenses." These do not constitute facts showing a reasonable certainty that medical expenses will eventually exceed $1,500, see, e.g., Walk v. Russell, supra, 10 D.&C.3d at 333. The city's demurrer is sustained as to plaintiffs' claim for damages for pain and suffering.

As for the other items of damage (lost earnings, medical expenses present and future and property damage), they are all specifically provided for in §8553(c). This section also provides for damages for "loss of consortium"; plaintiffs' claim for "the loss of value of all services, attention, love and affection normally flowing from a son to his father" fits into this category. There is no category, however, in which to place plaintiffs' claim for "restriction upon his athletic and other social activities." Nor can they be allowed their request for "any and all other damages recoverable under the common law of Pennsylvania." The damages allowed to be claimed against municipalities are determined only by the Tort Claims Act, and are limited to those items listed in §8553(c).

## ORDER

And now, this April 7, 1983, it is ordered that:

1. The City of Erie's preliminary objections one, two and three are overruled.

2. The fourth objection is sustained as to the items of damage claimed in paragraphs 21(a), 21(c), 21(f) and 22(f); these claims are dismissed as against the City of Erie. The fourth objection is overruled in all other respects.

3. Plaintiffs are given leave to amend their complaint to properly plead their claim for damages for pain and suffering, if any, in accordance with the above opinion.